UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>v.<br><br>FREDDY SALES-MENDEZ,<br><br>                 Defendant. | Criminal No. 18mj02258-RNB-JLS<br><br>**ORDER AFFIRMING JUDGMENT OF MAGISTRATE JUDGE** |

On June 5, 2018, Defendant Freddy Sales-Mendez filed a Notice of Appeal to the District Court from the judgment issued by Magistrate Judge Robert N. Block on May 23, 2018. (ECF No. 10.) The notice of appeal is timely and this Court has jurisdiction pursuant to 18 U.S.C. § 3402. For the reasons set forth as follows, the judgment of the Magistrate Judge will be affirmed.

**Background**

Defendant Sales-Mendez was arrested on May 7, 2018 and charged with misdemeanor Illegal Entry in violation of 8 U.S.C. § 1325. (ECF Nos. 1, 2.) Defendant appeared before a magistrate judge the following day and bond was set at $5,000 secured by the signature of one financially responsible adult. (ECF No. 3.) Defendant filed a motion for bail redetermination before the district court and, on May 18, 2018, this Court denied the motion, affirming the $5,000 signature bond set by the magistrate judge. (ECF Nos. 9, 13).

1

On May 23, 2018, Defendant entered a plea of guilty before Magistrate Judge Robert N. Block. At the change of plea hearing, defense counsel advised the court that Defendant had been inclined to fight his case until he found out that he wouldn't be able to post bond and in light of that, he decided to plead guilty. (ECF No. 21 at 8.) Immediately following these comments, the Magistrate Judge inquired whether Defendant still desired to give up his constitutional rights and enter a guilty plea, and Defendant responded "Yes." (*Id.*) The Magistrate Judge then asked Defendant if anyone unfairly pressured or threatened him into pleading guilty, and Defendant responded "No." (*Id.* at 9.) The Magistrate Judge asked defense counsel, "Based upon your analysis of the applicable law, after your own investigation of the facts and any possible defenses, and after your consultation with your client, do you feel it's in the best interest of your client to plead guilty to this charge?" (*Id.* at 9-10). Defense counsel answered "Yes." (*Id.* at 10.)

The Magistrate Judge conducted a full Rule 11 colloquy during which Defendant admitted he was not a citizen of the United States and eluded examination and inspection by crossing into the United States approximately 23 miles east of the Tecate, California Port of Entry. (*Id.* at 11-12). The Magistrate Judge found that Defendant's plea was freely and voluntarily made with full knowledge of the nature of the charge and consequences of the guilty plea, accepted Defendant's plea of guilty, and sentenced Defendant to a time served sentence. (*Id.* at 13-16.) Judgment was entered on May 24, 2018 and this appeal was timely filed on June 5, 2018. *See* Fed. R. Crim P. 58(g)(2)(B) (establishing 14-day timeframe for appealing a magistrate judge's judgment of conviction or sentence).

**Analysis**

Defendant contends that his guilty plea was not voluntary because "this Court's refusal to release him on his own recognizance or on an unsecured bond wrongfully coerced him into pleading guilty." (ECF No. 25 at 4.) Defendant frames the question presented on appeal as whether this Court, the District Court, coerced Defendant into

pleading guilty by refusing to release him from criminal custody. However, this is an appeal from the judgment of the magistrate judge. This Court's review is limited to the proceedings before the magistrate judge—any claims of error by this Court are appropriately addressed by the Court of Appeals.

The voluntariness of a guilty plea is subject to *de novo* review. *United States v. Kaczynski,* 239 F.3d 1108, 1114 (9th Cir. 2001). The lower court's factual findings are reviewed for clear error. *Id.* Although the Government contends that Defendant's claim should be dismissed because it was raised for the first time on appeal, the Court finds, in an abundance of caution, that the issue is preserved by counsel's comments regarding Defendant's inability to post bond made during the change of plea colloquy.

To determine voluntariness, the Court must examine the totality of the circumstances. *Id.,* quoting *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). A plea is voluntary if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Kaczynski*, 239 F.3d at 1114, quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). In assessing the voluntariness of a plea, the court must accord great weight to statements made by the defendant contemporaneously with his plea. *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986).

In this case, the record of Defendant's guilty plea reflects every indicia of voluntariness. The magistrate judge conducted a careful and complete Rule 11 colloquy. Defendant was advised of his constitutional rights and the nature of the charges against him, Defendant indicated an understanding of the charges and the consequences of pleading guilty, and Defendant represented that he was not threatened or promised anything in exchange for his plea of guilty. Defense counsel indicated that she felt it was in the best interest of her client to plead guilty. Indeed, Defendant's decision to plead guilty appears entirely rational given that the evidence against him was strong, there was no apparent defense, and Defendant was aware that he would receive a time served sentence. Thus, based upon the totality of circumstances, the Court concludes that

Defendant's guilty plea represented a voluntary and intelligent choice among the courses of action available to him.

Even if Defendant's conditions of pretrial release were too harsh or erroneously imposed, Defendant's custodial status does not alter the Court's conclusion that his guilty plea was voluntary. Even if wrongfully detained, Defendant still retained the ability to choose between pleading guilty or proceeding to a constitutional trial. Both cases relied upon by Defendant are distinguishable on this point as they involved factual scenarios in which the trial court's actions prevented, or called into question, the right to a constitutional trial. In *United States v. Hernandez*, 203 F.3d 614 (9th Cir. 2000), the trial court erroneously denied the defendant's request to represent himself and then the defendant pled guilty. The Ninth Circuit held that the guilty plea was involuntary because the wrongful "denial of the defendant's Sixth Amendment right to conduct his own defense is a structural error—an error that undermines the integrity of the trial mechanism itself." *Hernandez*, 203 F.3d at 626. The Court observed that "to be voluntary, a plea must be one in which the defendant is permitted to choose between pleading guilty and undergoing a trial that comports with the fundamental principles the Constitution imposes." *Id.*

In *United States v. Anderson*, 993 F.2d 1435 (9th Cir. 1993), *abrogated in part*, *United States v. Davila,* 569 U.S. 597 (9th Cir. 2013), the Ninth Circuit held that the defendant's guilty plea was involuntary because the district court placed unreasonable constraints on the defendant's decision-making process. In *Anderson*, the defendant was indicted for thirty counts of mail fraud. At the defendant's arraignment, the district court set a trial date to commence approximately three weeks later. The defendant's newly-retained attorney objected to the swift trial date and stated that he would need additional time to prepare for trial. The district court disagreed and indicated that it would not accept a plea from that point forward unless it was to all 30 counts of the indictment. The district court also instructed the government not to make any deals or recommendations because they would not be honored. The Ninth Circuit held that the defendant's guilty

plea was rendered involuntary by the trial court's "now or never" tactics which created a coercive atmosphere complicated by the trial court's refusal to grant a continuance which "might well have been interpreted by [the defendant] as a sign that his interests would be jeopardized if he chose to go to trial." *Id.* The Court also held that the defendant's conviction could not be sustained because the district judge improperly participated in the plea discussions.

The factual circumstances in this case are drastically different from those presented in *Hernandez* and *Anderson*. Here, Defendant was not threatened or coerced by the magistrate judge into pleading guilty and he always retained his right to proceed to a constitutional trial. Defendant's suggestion that he could not have received a constitutional trial because he was housed two hours away in Santa Ana, California, is foreclosed by *United States v. Lucas*, 873 F.2d 1279 (9th Cir. 1989) (recognizing that a defendant's pretrial detention in a facility located approximately 120 miles away from his court-appointed counsel did not amount to actual or constructive denial of assistance of counsel).

## Conclusion

The Court finds that Defendant's guilty plea was voluntarily and intelligently entered. Accordingly, the judgment of the Magistrate Judge is **Affirmed**.

IT IS SO ORDERED.

Dated: July 8, 2019

Hon. Janis L. Sammartino
United States District Judge